IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD JEFFREY STEWART #A01359  :
    Plaintiff  :
    v.  :  Civil Action No. PJM-07-1267
DAVID M. SIMPSON  :

. . . . . . .o0o. . . . . . .

**MEMORANDUM OPINION**

This is a pro se prisoner civil rights complaint filed pursuant to 42 U.S.C. §1983. Plaintiff, who is confined in the Prince George's County Detention Center, seeks damages and the return of legal fees. The Court will dismiss the complaint for failure to state a cause of action upon which relief can be granted.

Plaintiff has neither paid the civil filing fee nor requested to proceed in forma pauperis in this action. The Court will, however, grant him leave to proceed in forma pauperis for the limited purpose of preliminary review. As such, his claims will be reviewed pursuant to 28 U.S.C. § 1915A. This provision requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted. Upon review of the complaint, the Court concludes that it must be dismissed without prejudice under 28 U.S.C. §1915A..

Plaintiff claims that David M. Simpson, Esq. was hired by his family to represent him. He contends that defendant "never produced the Discovery, or filed timely motions, or procured a complet [sic] set of transcripts, and has given false affirmations to the Court and Grievance Commission." Complaint, p. 4.[1]

---

[1] To the extent Plaintiff intends to assert claims of ineffective assistance of counsel against defendant, he may do so in a motion for writ of habeas corpus. Plaintiff must exhaust available state court remedies for collateral relief before filing a federal habeas corpus petition. *See* 28 U.S.C. §2254. The Court directed the Clerk to mail an information packet to Plaintiff in

In evaluating the claims presented, the Court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421-22 (1969). This does not mean, however, that the Court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990).

To state a claim under § 1983, a plaintiff must show: 1) deprivation of a right secured by the Constitution and the laws of the United States; and 2) the deprivation was caused by an official acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A privately retained attorney does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Consequently, this claim fails to meet the jurisdictional prerequisite for a civil action brought under §1983. For this reason, defendant is not amendable to suit under 42 U.S.C. §1983. The court will dismiss the Complaint without prejudice pursuant 28 U.S.C. § 1915A. An Order consistent with this Memorandum Opinion follows.

|  |  |
|---|---|
| May 31, 2007 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |

---

another pending proceeding, *Stewart v. State of Maryland, et al.*, Civil Action No. PJM-07-1269.